UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARTIN WODI                                                                                               PLAINTIFF

vs.                                                                     CIVIL ACTION NO. 3:12-cv-668-DPJ-FKB

CARDINAL HEALTH PHARMACY
SERVICES, LLC                                                                                          DEFENDANT

ORDER

This employment-discrimination case is before the Court on Defendant's Motion for Summary Judgment [32].  Plaintiff responded in opposition.  The Court finds that Defendant's motion should be granted because Plaintiff cannot demonstrate that the decision to terminate his employment was pretextual.

I.      Facts and Procedural History

Martin Wodi is a black Nigerian-American pharmacist who began working for Defendant Cardinal Health Pharmacy Services, LLC (Cardinal Health) in November 2010 at the Rush Foundation Hospital in Meridian, Mississippi.  Wodi's supervisor was Becky Womack, the Interim Pharmacy Director.  In July 2011, Wodi failed to fill critical, time-sensitive prescriptions on three occasions resulting in counseling from Womack and additional training for Wodi.  The next month, Wodi again failed to dispense a time-sensitive prescription, leading Cardinal Health to issue a final warning, which Wodi signed.  Def.'s Mot. Summ. J. [32] Ex. B, Womack Decl. Att. C.  After issuing this warning, Cardinal Health discovered another pre-warning incident during which Wodi failed to follow a doctor's orders and gave a patient the wrong medication. *Id*. at ¶ 6.  Because the incident occurred before the first final warning, a second final warning was issued.  *Id*.

After receiving two final warnings, Wodi made two more errors, the first appears to have been less serious and resulted in a verbal warning. But in the second incident, Wodi failed to correctly fill a critical prescription "put[ting] the patients's health and wellbeing at risk." *Id*. at ¶ 7. Cardinal Health therefore terminated Wodi's employment on October 5, 2011. Wodi does not deny any of these incidents.

Wodi filed a Charge of Discrimination with the EEOC alleging that his termination was motivated by race and national-origin discrimination. The EEOC issued a right-to-sue letter, and Wodi filed this lawsuit on September 24, 2012. His complaint alleges race and national-origin discrimination in violation of Title VII and 42 U.S.C. § 1981. Cardinal Health seek summary judgment on all claims. The Court has personal and subject-matter jurisdiction.

II.     Standard of Review

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. Conclusory allegations, speculation, unsubstantiated assertions, and

legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

III.   Analysis

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Section 1981 race-discrimination claims are analyzed under the same legal framework applicable to Title VII cases. *See Turner v. Kan. City S. Ry. Co.*, 675 F.3d 887, 891 n.2 (5th Cir. 2012) (citing *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309, 311 (5th Cir. 1999)).

The plaintiff must first establish a prima facie case of discrimination by showing (1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was replaced by someone outside the protected class, or in the case of disparate treatment, he was treated less favorably than similarly situated employees under nearly identical circumstances. *See Lee v. Kan. City S. Ry.*, 574 F.3d

3

253, 259 (5th Cir. 2009); *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 513 (5th Cir. 2001); *see also McDonnell–Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

If the plaintiff establishes a prima facie case, the burden of production shifts to the employer to offer a legitimate, non-discriminatory reason for the adverse employment action. *Lee*, 574 F.3d at 259. Once that burden is met, the plaintiff must offer evidence to show "either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motive alternative)." *Rachid v. Jack in the Box*, 376 F.3d 305, 312 (5th Cir. 2004).

But a showing that defendant's justification is false "will not always be enough to prevent summary judgment, because there will be cases where a plaintiff has both established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, yet 'no rational factfinder could conclude that the action was discriminatory.'" *Price v. Fed Exp. Corp.*, 283 F.3d 715, 720 (5th Cir. 2002) (citing *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 148 (2000)). "On summary judgment . . . the plaintiff must substantiate his claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision." *Id.*

In this case, Cardinal Health attacks Wodi's prima facie case of national-origin discrimination, but addresses the race claim at the pretext stage. Because the analysis for the two claims merge after the prima facie stage, this Order will assume a prima facie case and begin with Cardinal Health's justification for terminating Wodi's employment. According to Cardinal Health, it terminated Wodi's employment because he "made multiple errors by failing to properly

complete accurate physician orders for critical medications that impacted patient health and well being." Def.'s Mem. Supp. Summ. J. [33] at 4.  Cardinal Health has stated a legitimate, non-discriminatory reason for its decision, and the burden returns to Wodi.

Wodi responds that this reason is pretextual,[1] and attempts to support that argument in two main ways: (1) Wodi claims that he was subjected to disparate treatment while working at Cardinal Health and (2) Wodi cites certain statements by his supervisor.  Neither argument prevails.

      1.      Disparate Treatment

"Disparate treatment occurs where an employer treats one employee more harshly than other 'similarly situated' employees for 'nearly identical' conduct." *Vaughn v. Woodforest Bank*, 665 F.3d 632, 637 (5th Cir. 2011).  Wodi first alleges disparate treatment because Alison Irwin, the Clinical Manager, tried to trick Plaintiff into failing a test, claimed to have lost his test, and intentionally did not complete certain entries during her shift so Wodi had additional work.  But Wodi has not pointed to any similarly-situated comparators who were treated differently by Alison Irwin; in fact, he says that Irwin had used the test tactic "to assist in getting rid of other pharmacists" whose races or national origins Wodi does not specify.  Pl.'s Mem. Opp. Summ. J. [37] at 8.

Wodi's disparate-treatment arguments continues with the statement that "white American pharmacists . . . were never reprimanded or terminated for their errors."  Pl.'s Resp. [36] Ex. B, Wodi Aff. ¶ 7.  These other pharmacists are not specifically identified, and the statement is too

---

[1] Although Wodi's response mentions mixed motives in a general overview of employment law, he limits his analysis to pretext and never argues a mixed-motive alternative theory.  *See* Pl.'s Response [37] 7–8.

5

vague to determine whether they were similarly situated and committed "nearly identical" offenses.  See Lee, 574 F.3d at 260.

Wodi's final disparate-treatment argument alleges that white American pharmacist Dirk Hicks was given a technician assistant while Wodi was not.  Pl.'s Resp. [36] Ex. B, Wodi Aff. ¶¶ 5–6.  But this differential treatment was unrelated to Wodi's termination, and it is not sufficient evidence to demonstrate that "discrimination lay at the heart of" Cardinal Health's decision to terminate Wodi's employment.  See Price, 283 F.3d at 720.[2]

2. Work-Place Comments

Wodi alleges that his supervisor Becky Womack made the following comments to him: "a file was being built up against you by the nurses," "I bet you feel someone is working against you," and "you're back for more punishment."  Pl.'s Mem. Opp. Summ. J. [37] at 8; Def.'s Mot. Summ. J. [32] Ex.1, Wodi Dep. at 100.  According to Wodi, these comments demonstrate that Defendant was building a case against him and that they therefore establish pretext.

---

[2]Neither party cited authority addressing whether pretext can be shown by comparing decisions unrelated to the disputed employment decision.  General statements from the Fifth Circuit suggest that it can not.  See Lee, 574 F.3d at 260 ("[C]ritically, the plaintiff's conduct that drew the adverse employment decision must have been 'nearly identical' to that of the proffered comparator who allegedly drew dissimilar employment decisions." (citations omitted)); Okoye, 245 F.3d at 514 (observing that plaintiffs must show "the misconduct for which the plaintiff was discharged was nearly identical to that engaged in by other employees." (citations omitted)).  And in Pollak v. Lew, the Fifth Circuit summarily rejected a similar comparison.  — F. App'x —, 2013 WL 5366841, at *3 (5th Cir. Sept. 26, 2013) ("Merely identifying other employees who he believed enjoyed more opportunities is insufficient" (punctuation altered)).  The disparate treatment Wodi alleges is similar to that asserted in Pollak and is likewise insufficient.  See Minor v. Univ. of Tex. Sw. Med. Ctr., No. 3:12–CV–0036–G (BF), 2013 WL 3477223, at *5 (N.D. Tex. July 10, 2013) (rejecting argument that disparate treatment exists when plaintiff is "generally treated less favorably" than comparators where there was no evidence comparators engaged in nearly identical misconduct).

Certain work-place statements can establish direct evidence of discrimination, but Wodi has not offered these statements for that purpose—nor could he.  *See generally Brown v. CSC Logic, Inc.*, 82 F.3d 651 (5th Cir. 1996).  Instead, Wodi offers the remarks as circumstantial proof of pretext.  But where—as in this case—the statements are the only proof of pretext, the Court must determine whether they are competent evidence or merely stray remarks.  *See EEOC v. DynMcdermott Petroleum Operations Co.*, — F. App'x —, 2013 WL 3855553, at *5 (5th Cir. July 26, 2013) ("The stray remarks doctrine remains intact where the plaintiff has failed to produce substantial evidence of pretext.") (citing *Auguster v. Vermilion Parish Sch. Bd.*, 249 F.3d 400, 405 (5th Cir. 2001); *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 223 (5th Cir. 2001)).

Neither party addressed Fifth Circuit law on stray remarks.  Nevertheless, the standards are well-established, as follows:

> comments are evidence of discrimination only if they are 1) related to the protected class of persons of which the plaintiff is a member; 2) proximate in time to the complained-of adverse employment decision; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue. Comments that do not meet these criteria are considered "stray remarks," and standing alone, are insufficient to defeat summary judgment.

*Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 380 (5th Cir. 2010) (citation and quotations omitted).  Wodi's proffered statements fail at least the first prong and his description of them is too general to determine whether they satisfy the second and fourth.  The statements were stray remarks and are not sufficient to defeat summary judgment.

IV.     Conclusion

The Court has considered all the arguments. Those not specifically addressed would not change the result. For the foregoing reasons, Cardinal Health's motion for summary judgment [32] is granted. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 17th day of January, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE